# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

JAMES LEE TRAVIS,

    Petitioner,

v.

WARDEN and
ATTORNEY GENERAL OF MARYLAND,

    Respondents.

Civil Action No. TDC-15-2733

## MEMORANDUM OPINION

Self-represented Petitioner James Lee Travis, who is currently confined at the Eastern Correctional Institution, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition is denied.

## BACKGROUND

On October 13, 2013, Travis was convicted after a bench trial of one count each of second degree rape, a second degree sex offense, a third degree sex offense, and second degree assault in the Circuit Court for Worcester County, Maryland. He was acquitted of a fourth degree sex offense. The court sentenced Travis to 20 years of imprisonment, with 10 years suspended, and two years of probation.

Travis appealed his conviction to the Court of Special Appeals of Maryland, raising the following issues:

1. Did the trial judge incorrectly interpret and apply the law in finding [Travis] guilty of second degree rape, second degree sex offense, and third degree sex offense?

2. Assuming, *arguendo*, that the trial judge did not incorrectly interpret and apply the law in finding [Travis] guilty of second degree rape, second degree sex offense, and third degree sex offense, did the trial judge render inconsistent verdicts when he found [Travis] guilty of second degree rape, second degree sex offense, third degree sex offense, and second degree assault, but not guilty of fourth degree sex offense, where all of those offenses required proof of lack of consent by the alleged victim?

3. Did the trial court err in rendering a verdict of "not guilty" of second degree sex offense and then changing his mind and finding [Travis] guilty of that offense?

4. Is the evidence insufficient to sustain the conviction?

Ans. Ex. 2 at 2, ECF No. 14-2. On August 26, 2014, the Court of Special Appeals affirmed, and the mandate was issued on September 25, 2014. Travis did not seek further review by the Court of Appeals of Maryland, so the judgments became final for direct appeal purposes on October 10, 2014, when the time period for filing a petition for a writ of certiorari expired. *See* Md. Rule 8-302(a) (requiring that a petition be filed in the Court of Appeals no later than 15 days after the Court of Special Appeals issues its mandate).

On November 24, 2014, Travis filed a *pro se* petition for post-conviction relief in the Circuit Court for Worcester County. He raised three of the claims presented to the Court of Special Appeals, specifically that (1) the trial judge incorrectly applied the law of second degree rape, second degree sex offense, and third degree sex offense; (2) the trial judge erred in rendering a verdict of "not guilty" of a second degree sex offense and then changing his mind to find Travis guilty of that offense after all, in violation of the Double Jeopardy Clause of the Fifth Amendment; and (3) the evidence was insufficient to sustain his conviction. Travis also asserted ineffective assistance of counsel based on the claim that his attorney had required him to accept a bench trial and had not allowed him to testify at trial. On April 16, 2015, Travis, through counsel, filed an amended petition alleging ineffective assistance of counsel based on the claim

that Travis's trial counsel had failed to file a timely motion to modify his sentence after Travis made a timely request.

At the May 8, 2015 hearing on Travis's post-conviction petitions, defense counsel advised the court that an agreement had been reached by which Travis would withdraw his petition for post-conviction relief with prejudice in exchange for permission to file a belated motion for a modification of his sentence. The Circuit Court accepted the agreement, ordered the petitions withdrawn with prejudice, and instructed defense counsel to file the proposed motion. Defense counsel filed the motion on July 6, 2015, and the Circuit Court denied relief on July 23, 2015. Travis did not seek leave to appeal the Circuit Court's ruling on his post-conviction petition. The deadline to do so passed 30 days later. *See* Md. Rule 8-204(b)(2) (providing that an application for leave to appeal shall be filed within 30 days after entry of the judgment or order from which appeal is sought).

On September 11, 2015, the Court received an undated letter from Travis in which he stated that he was incarcerated for a rape he did not commit. The Court construed the letter as a Petition for Writ of Habeas Corpus pursuant to § 2254 and deemed it filed as of September 9, 2015, the date it was postmarked. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that pleadings filed by prisoners are deemed filed on the date the prisoner relinquishes control of the documents). Travis was instructed to supplement the Petition using forms provided by the Court. Travis filed an amended Petition, and the State of Maryland filed a timely Answer.

## DISCUSSION

Travis makes three claims in his Petition filed in this Court. First, Travis argues that the trial court misapplied the facts and the law of second degree rape, second degree sex offense, and third degree sex offense. Second, he claims that the trial court violated the Double Jeopardy

Clause by first finding him not guilty of a second degree sex offense, before changing course and finding him guilty. Third, he argues that the evidence at trial was insufficient to support his convictions. The Government argues that all of Travis's claims are procedurally defaulted because he did not seek review of his claims by the Maryland Court of Appeals and he did not appeal the dismissal with prejudice of his state petition for post-conviction relief. The Government also asserts that the claim that the trial judge misapplied the law does not assert a cognizable basis for federal habeas relief.

## I. Exhaustion of State Remedies

A petitioner seeking habeas relief in federal court must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1) (2012); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (West 2011). To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court where the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101 to -103 (West 2011). After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals. *Id.* § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts.

& Jud. Proc. § 12-202. If the application is granted, but relief is denied on the merits of the claim, a petitioner must file a petition for writ of certiorari to the Court of Appeals of Maryland. *See Williams v. State*, 438 A.2d 1301, 1304-05 (Md. 1981).

Here, Travis no longer has available direct appeal or state post-conviction remedies for any of the claims asserted in the Petition. After the Court of Special Appeals affirmed Travis's convictions, he did not seek further review by the Court of Appeals, and the deadline for filing a petition for a writ of certiorari has long since passed. *See O'Sullivan*, 526 U.S. at 848 (finding that state remedies were no longer available when the deadline for filing for a petition to the state Supreme Court had passed). Travis filed a state petition for post-conviction relief that was withdrawn with prejudice, and he did not seek leave to appeal. The deadline for filing such a request has also expired. *See id.*; *Bradley v. Davis*, 551 F. Supp. 479, 482 (D. Md. 1982) (finding exhaustion where the deadline to seek leave to appeal a denial of post-conviction relief has passed). Travis is generally not entitled to file another state petition for post-conviction relief. *See Alston v. State*, 40 A.3d 1028, 1033-35 (Md. 2012) (stating that a petitioner is limited to one petition for post-conviction relief arising out of a trial unless reopening the case is necessary to avoid a miscarriage of justice). Accordingly, he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1).

II. **Procedural Default**

Where a petitioner has exhausted all available state remedies, a court must determine whether the procedural default doctrine applies to bar federal review of one or more claims. Generally, "when a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas

claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). In addition, the failure to present claims to the highest state court results in a procedural default of those claims. *See O'Sullivan*, 526 U.S. at 848. Here, although the three claims raised in the Petition appear to have been raised on direct appeal and in Travis's state petition for post-conviction relief, he neither sought review of the denial of his direct appeal by the Maryland Court of Appeals nor sought leave to appeal the dismissal with prejudice of his petition for post-conviction relief. Accordingly, Travis's claims are generally barred by the procedural default doctrine. *See id.*; *see also Coleman*, 501 U.S. at 727, 749-50 (finding procedural default where there was no timely appeal from a denial of a state petition for post-conviction relief).

When a state prisoner's habeas claim has been procedurally defaulted, a federal court may not address the merits of the claim unless the petitioner can show both "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750 (1991); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense" that "impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. In addition, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)); *Coleman*, 501 U.S. at 750 (holding that procedural default may be excused if the failure to consider the

6

claims will result in a "fundamental miscarriage of justice" (quoting *Murray*, 477 U.S. at 495)). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. To be credible, "a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Here, Travis has not made the necessary showing of cause and prejudice, or a fundamental miscarriage of justice, to overcome the procedural default. Travis does not assert cause or prejudice in his Petition, and he did not file a Reply to the Answer, despite being informed of his right to do so. Nothing in the record suggests that Travis's procedural default was due to external circumstances. Rather, the Petition explains that the decisions not to pursue all available appeals were based on the judgment of Travis's attorney that Travis would not prevail on appeal. Moreover, the Petition does not assert that Travis is actually innocent. The Court notes that Travis has filed numerous informal letters in which he asserts that he is innocent. But even assuming that any of these letters may be construed as a Reply or a supplement to the Petition, they do not present any new evidence and are therefore insufficient to establish actual innocence. *See Calderon*, 523 U.S. at 559.

### III. Cognizability

Finally, the Government correctly argues that Travis's claim that the trial judge misapplied the law on second degree rape, second degree sex offense, and third degree sex offense also fails because it is not a cognizable claim on a habeas petition. "Such an inquiry . . . is no part of a federal court's habeas review of a state conviction," because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas

7

court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 68. Accordingly, Travis's claim that the trial judge misapplied the law of these state criminal statutes is not cognizable on federal habeas review.

**IV.    Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is an adverse final order, 28 U.S.C. § 2253(c)(1) requires the issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a petition is denied on procedural grounds, the petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Travis's claims are dismissed on procedural grounds, and upon review of the record, the Court concludes that Travis has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Travis may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: April 28, 2017

/s/
THEODORE D. CHUANG
United States District Judge